UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LIONEL Z. GLANCY, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

ROBERT S. TAUBMAN, WILLIAM S. TAUBMAN, LISA A. PAYNE, GRAHAM T. ALLISON, PETER KARMANOS, JR., ALLAN J. BLOOSTEIN, JEROME A. CHAZEN and S. PARKER GILBERT,

    Defendants,

-and-

TAUBMAN CENTERS, INC.,

    Nominal Defendant.

---

02-74799
Case No. 02-75120
Hon. Victoria Roberts

FILED 2003 FEB 28 P 3:44

## REPLY MEMORANDUM OF LAW IN SUPPORT OF SHAREHOLDER PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION



# TABLE OF AUTHORITIES

## CASES

*Blasius Indus., Inc. v. Atlas Corp.*,
564 A.2d 651 (Del. Ch. 1988) .................................................................................. 3

*Creer v. Michigan Nat'l Corp.*,
Case No. 90-CV-70565, 1990 U.S. Dist. LEXIS 19725
(E.D. Mich. July 16, 1990) ...................................................................................... 1

*Lewis v. J. B. Fuqua*,
502 A.2d 962 (Del. Ch. 1985) .................................................................................. 2

*In re New Valley Corp. Derivative Litig.*,
Civ. A. No. 17649, 2001 Del. Ch. LEXIS 13 (Jan.11, 2001) ................................ 1, 2

*Unitrin Inc. v. American Gen. Corp.*,
651 A.2d 1361 (Del. 1995) ...................................................................................... 1

*Unocal Corp. v. Mesa Petroleum Co.*,
493 A.2d 946 (Del. 1985) ........................................................................................ 1

## ARGUMENT[1]

**Defendants Violated Their Fiduciary Duties:** Defendants' conduct in connection with the issuance and use of the Series B fails to meet the applicable standard under *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 954 (Del. 1985), and *Unitrin Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1373 n.12 (Del. 1995), let alone their mandatory fiduciary duties of care, loyalty and good faith under Michigan law. *See* MCLA § 450.1541(a) (2002).[2] Further, the "excess share" provision of TCI's corporate charter prohibits the acquisition of more than 8.23% of the value of the outstanding capital stock of the Company, and any shares acquired in excess of that limit must be stripped of their voting rights. Amend. Compl. ¶¶ 3a, 53. Because the value of the Series B exceeded the 8.23% limit, defendants violated their fiduciary duties both by approving its issuance to the Taubmans and by not taking the mandatory remedial step of stripping the voting rights from those shares. *See* Sh. Pl. Br. at 5. Defendants' contention that they acted with requisite good faith by assigning a "nominal value" to the Series B shares cannot succeed.

As defendants' own witness admits, TCI's Charter required the Board to determine the "Market Price" of the Series B "in good faith." Brophy Decl. at ¶¶ 5, 15. Members of the Board

---

[1] Shareholder plaintiff incorporates herein all of the arguments and evidentiary materials included in his Opening Memorandum of Law and the Opening and Reply Memoranda of the SPG Plaintiffs' and Randall Smith's Motion for a Preliminary Injunction including, but not limited to, all arguments regarding the statute of limitations, shareholder standing and subject matter jurisdiction.

[2] The particularized allegations in the Amended Complaint are more than sufficient to excuse demand because they allege bad faith violations of defendants' fiduciary duties of loyalty in addition to demonstrating irreparable injury. *See Creer v. Michigan Nat'l Corp.*, Case No. 90-CV-70565, 1990 U.S. Dist. LEXIS 19725 (E.D. Mich. July 16, 1990) (Ex. 1).

1

(including Robert Taubman), however, testified that TCI failed to undertake any valuation study of the Series B. Ex. 2 at 191; Ex. 3 at 165-66. The Board minutes, which defendants cite, do not prove otherwise because the minutes do not demonstrate that the Board deliberated at all about the "Market Price" of the Series B.[3] Anything the Morgan Stanley representative purportedly told the Board regarding the value of the Series B is irrelevant given his subsequent admission that Morgan Stanley did not do "any financial analysis" regarding the Series B shares. A1076.

Defendants cannot rehabilitate their fundamentally flawed deliberative process and subsequent failures to cure it (Ex. 5 at 158-59, 170) through the self-serving testimony of a witness, who suffers from irremediable conflicts of interest and employed assumptions and methods that are not only flawed, but were not used by any of the parties in 1998 and thereafter.[4] Defendants' witness admits that the Taubman family already owned "5.047% of the value of TCI's outstanding Capital Stock" when they received the Series B in 1998 and purportedly did not exceed the 8.23% limit only because the Series B had "nominal" value. Brophy Decl. ¶ 14. As the shareholder plaintiff has already demonstrated through his expert, however, the Series B issued to the Taubmans *itself* exceeded the 8.23% limit. Pl. Br. at 5. As shown in the Answering Declaration of Travis Keath, there is no merit to defendants' attack on his methodology -- the purported limitations on the

---

[3] It is well-settled that defendants cannot rely on board minutes to establish their state of mind, especially here in the face of contrary deposition testimony of the actual meeting participants. *In re New Valley Corp. Derivative Litig.*, Civ. A. No. 17649, 2001 Del. Ch. LEXIS 13, at *18 (Jan.11, 2001) (Ex. 4).

[4] Dr. Brophy is a faculty member of the University of Michigan, which received, at a minimum, over $34 million dollars from the Taubmans whose family name is on many university buildings. *See Lewis v. J. B. Fuqua*, 502 A.2d 962 (Del. Ch. 1985).

2

transferability of the Series B *enhances* the Taubman family's control, the absence of dividend rights to the Series B is irrelevant, and Rouse's premium offer for TCI in 1998 further demonstrates that the value of the Series B exceeded 8.23%. *See* Ex. 6.

As explained in detail in the attached Answering Declaration of Professor Lucian Bebchuk, defendants violated their fiduciary duties under the above-standards and those set forth in *Blasius Indus., Inc. v. Atlas Corp.*, 564 A.2d 651, 660 (Del. Ch. 1988), because, among other things, they entrenched the board and thereby disenfranchised TCI's public shareholders by making it difficult to remove board members without cause, making it difficult to replace the Board quickly or repeal the charter provision creating a staggered board, and transferred substantial value to the Taubmans at investors' expense. As Professor Bebchuk explains, to the extent defendants' purported rationale in issuing the Series B was to grant the Taubmans voting power in TCI proportionate to their economic interest in the partnership, this could have been accomplished without locking-up voting control in the Taubman family.

## CONCLUSION

Shareholder plaintiff respectfully requests the Court to grant his motion for a preliminary injunction.

Dated: February 28, 2003

Respectfully submitted,

*/s/ E. Powell Miller*

E. Power Miller (P39487)
MILLER SHEA, P.C.
1301 West Long Lake Road, Suite 135
Troy, MI 48098
248-267-8200

3

FINK ZAUSMER & KAUFMAN, P.C.
Mark J. Zausmer
Richard C. Kaufman
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
248-851-4111

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
Melvyn I. Weiss
Steven G. Schulman
U. Seth Ottensoser
Seth D. Rigrodsky
One Pennsylvania Plaza
New York, NY 10119
212-594-5300

WECHSLER HARWOOD LLP
Robert I. Harwood
Matthew M. Houston
488 Madison Avenue
New York, NY 10022
212-935-7400

SCHIFFRIN & BARROWAY, LLP
Marc A. Topaz
Patricia C. Weiser
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
610-667-7706

Plaintiff's Counsel

4

## INDEX OF EXHIBITS

Tab

*Creer v. Michigan Nat'l Corp.*, No. 90-CV-70565,
1990 U.S. Dist. LEXIS 19725 (E.D. Mich. July 16, 1990) .............................. 1

Excerpt from the Deposition of Robert Taubman taken January 16, 2003 .................. 2

Excerpts from the Deposition of Lisa Payne taken January 17, 2003 ..................... 3

*In re New Valley Corp. Derivative Litig.*, Civ. A. No. 17649,
2001 Del. Ch. LEXIS 13 (Jan. 11, 2001) ........................................... 4

Excerpts from the Deposition of Allan J. Bloostein taken January 14, 2003 ............... 5

Reply Declaration of M. Travis Keath ............................................. 6

Reply Declaration of Lucian A. Bebchuk .......................................... 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED