UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SIMON PROPERTY GROUP, INC., et al.,

        Plaintiffs,

v.

TAUBMAN CENTERS, INC., et al.,

        Defendants.

File No. 02-74799

The Honorable Victoria A. Roberts

---

Of counsel

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

Joseph Aviv (P 30014)
Bruce L. Segal (P 36703)
Matthew F. Leitman (P 48999)
Miro Weiner & Kramer
a professional corporation
Attorneys for Defendants
Suite 100
38500 Woodward Avenue
Bloomfield Hills, Michigan 48303-0908
Telephone: (248) 258-1207
Facsimile: (248) 646-4021

I.W. Winsten (P 30528)
Raymond W. Henney (P 35860)
Honigman Miller Schwartz and Cohn, LLP
Attorneys for Defendants
2290 First National Building
Detroit, Michigan 48226-3583
Telephone: (313) 465-7000

---

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO SUSPEND INJUNCTION PENDING APPEAL**

# TABLE OF CONTENTS

Index of Exhibits ..................................................................................................... ii

Argument ............................................................................................................... 1

Relief Requested .................................................................................................... 3

# INDEX OF EXHIBITS

Exhibit A     SPG and Westfield SEC Schedule 14A Proxy Statement filed May 12, 2003

## ARGUMENT

SPG is not being straight with the Court. SPG's suggestion that Taubman Centers and the Taubman family will suffer no irreparable harm because it is "willing to commit that it will not effectuate a merger involving TCI until the appeal is decided," conditioned on the defendants' not taking "any further actions" to "imped[e] or interfer[e] with the SPG/Westfield offer," (SPG Br. at 4), is misleading and untrue. This "commitment" neither prevents irreparable harm nor preserves the status quo. Rather:

- It leaves SPG free to schedule and hold a meeting of shareholders where 33.6% of the shareholders will not be permitted to vote.

- It leaves SPG free to amend Taubman Centers' articles of incorporation to eliminate the ownership limit as to SPG alone (meaning that the limit would still apply to counter-bidders who would not be able to purchase more than 8.23% of Taubman Centers' stock).

- It leaves SPG free to consummate its tender offer by purchasing from the public, in irreversible transactions, substantially all of Taubman Centers' common stock.

The only thing SPG is "committing" not to do is to "effectuate a merger," which is simply the last and final step necessary to force out those shareholders who did not tender their shares. In other words, SPG "commits" that it would take virtually every irreversible step necessary to complete its hostile tender offer, and that Taubman Centers should do nothing to impede or interfere with that tender offer, including consider an auction that would give the shareholders a higher price for their shares.

If SPG were serious in its purported commitment to preserve the status quo, its offer would be to take no action whatsoever with respect to its tender offer, including not calling or taking steps to call a meeting to amend Taubman Centers' articles of incorporation, in exchange for the company's agreement to take no action to impede or interfere with SPG's tender offer

{W0164465.DOC;1}  1

during the pendency of the appeal. Instead, showing that it has every intention of proceeding immediately to create an irreversible situation pending appeal, yesterday SPG filed with the Securities and Exchange Commission a Schedule 14A Proxy Statement to solicit the shareholders to call a special meeting for the purpose of "facilitat[ing] the consummation of [SPG's] pending tender offer." (Schedule 14A at i (attached Ex. A).) At the special meeting, the shareholders will be asked to (i) amend the articles of incorporation "to provide that the Excess Share Provision would not apply to SPG, WEA or their respective affiliates" and (ii) approve "additional proposals" to be identified later. (*Id.* at 22-23.)

As to the alleged harm that SPG may suffer if a stay is granted, SPG refers only to the generalization that a delay of a tender offer is harmful. But it presents no evidence whatsoever of any harm that it will actually suffer in this case if a stay is granted during the pendency of the appeal.[1]

On the other hand, the deprivation of the defendants' voting rights at a special meeting that will affect the very existence of Taubman Centers before an appeal is even heard is not a theoretical injury. The harm that the defendants will surely suffer if a stay pending appeal is not granted is very real and irreparable.

---

[1] SPG's request for a $350 million bond based on the difference between the former trading price of the stock and its offer makes no sense. The purpose of a bond is to cover the damages that *SPG* may incur as a result of the stay. SPG is the payor, so it will not suffer any damages. As for the shareholders, SPG does not contend that it will "go away" if a stay is granted.

{W0164465.DOC;1} 2

## RELIEF REQUESTED

The defendants respectfully request the Court to suspend, under Rule 62(c), the preliminary injunction and to stay the order during the pendency of the appeal.

Respectfully submitted,

MIRO WEINER & KRAMER
a professional corporation
Attorneys for Defendants

By: _____
Joseph Aviv (P 30014)
Bruce L. Segal (P 36703)
Matthew F. Leitman (P 48999)
Suite 100
38500 Woodward Avenue
Bloomfield Hills, MI 48303-0908
Telephone: (248) 258-1207
Facsimile:  (248) 646-4021

HONIGMAN MILLER SCHWARTZ
 AND COHN, LLP
Attorneys for Defendants
I.W. Winsten (P 30528)
Raymond W. Henney (P 35860)
2290 First National Building
Detroit, Michigan 48226-3583
Telephone: (313) 465-7000

Of counsel

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SIMON PROPERTY GROUP, INC., et al.,

    Plaintiffs,

v.

TAUBMAN CENTERS, INC., et al.,

    Defendants.

File No. 02-74799

The Honorable Victoria A. Roberts

Joseph Aviv (P 30014)
Bruce L. Segal (P 36703)
Matthew F. Leitman (P 48999)
Miro Weiner & Kramer
a professional corporation
Attorneys for Defendants
Suite 100
38500 Woodward Avenue
Bloomfield Hills, Michigan 48303-0908
Telephone: (248) 258-1207
Facsimile: (248) 646-4021

I.W. Winsten (P 30528)
Raymond W. Henney (P 35860)
Honigman Miller Schwartz and Cohn, LLP
Attorneys for Defendants
2290 First National Building
Detroit, Michigan 48226-3583
Telephone: (313) 465-7000

Of counsel

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

**CERTIFICATE OF SERVICE**

{W0164469.DOC;}

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN )
                              )ss.
COUNTY OF OAKLAND )

      Alisha C. Kaszubski, being sworn, says that she is an employee of Miro Weiner & Kramer, a professional corporation, counsel for Defendants, and, on May 13, 2003, she served copies of (1) Reply Brief in Support of Defendants' Motion to Suspend Injunction Pending Appeal, and (2) this Certificate of Service, on Carl H. von Ende, counsel for Plaintiffs by (a) facsimile transmission and (b) enclosing the papers in a sealed envelope with first-class postage fully prepaid and depositing the envelope and its contents in the United States mail, addressed as follows:

          Carl H. von Ende, Esq.
          Miller, Canfield, Paddock & Stone, P.L.C.
          Suite 2500
          150 West Jefferson Avenue
          Detroit, Michigan 48226-4415

                                                   /s/ Alisha C. Kaszubski
                                                   Alisha C. Kaszubski

Subscribed and sworn to before me
this 13th day of May, 2003.

/s/ Susan E. Field
Notary Public
Oakland County, Michigan
My commission expires: _Mar. 13, 2004._

          SUSAN E. FIELD
      NOTARY PUBLIC MACOMB CO., MI
    MY COMMISSION EXPIRES Mar 13, 2004
      ACTING IN OAKLAND COUNTY, MI

{W0164469.DOC;}